Submitted on record and briefs July 31, reversed and remanded September 5, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TERRY JAMES SINE,
*Defendant-Appellant.*

Marion County Circuit Court
04C42622; A126723

167 P3d 485

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Deits, Judge pro tempore.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant was convicted of conspiracy to supply contraband. ORS 162.185 (supplying contraband); ORS 161.450 (conspiracy). On appeal, he argues, *inter alia*, that the trial court's admission of certain evidence violated the Sixth Amendment to the United States Constitution as interpreted by the Court in *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004). On appeal, the state concedes that the trial court erred in that regard. That concession is well founded. Accordingly, and without addressing defendant's other contentions, we reverse and remand.

Defendant and his wife, Monnet, were both charged with conspiracy to supply contraband while defendant was a prison inmate. Monnet entered a plea of guilty. Her petition to plead guilty contained the following statement: "In April 2003, in Marion County, I was involved with a plan to introduce controlled substance into Santiam Correctional Facility and I mailed a letter containing controlled substance."

Defendant's trial occurred thereafter. The state subpoenaed Monnet, who invoked her spousal privilege under OEC 505 not to testify against defendant, and thus the state did not call her as a witness. Instead, the state sought to introduce into evidence her plea petition.

Defendant argued that the admission of his wife's statements in the plea petition constituted testimonial hearsay that would violate his confrontation rights as explained in *Crawford*. The trial court, although agreeing that the plea petition was "testimonial" for purposes of *Crawford*, overruled defendant's objection. The court reasoned that the state "in effect has made [Monnet] available as a witness by subpoenaing her," even though the state did not call her as a witness due to her invocation of the spousal privilege not to testify.

On appeal, defendant argues that the trial court erred in determining that Monnet was "available" to testify and that the court's admission of the plea petition into evidence was, thus, error under *Crawford*. As noted, the state concedes error and further acknowledges that the error was not harmless.

In *Crawford*, the Court indicated that a statement is testimonial if it is a " 'solemn declaration or affirmation made for the purpose of establishing or proving some fact.' " 541 US at 51 (quoting Webster, *An American Dictionary of the English Language* (1828)). The Court went on to label as "plainly testimonial" accomplice confessions including "plea allocution showing existence of a conspiracy." 541 US at 64. Prior to *Crawford*, such statements often were admitted into evidence despite lack of opportunity to cross-examine the declarant on the ground that they fell within firmly rooted hearsay exceptions. *Crawford*, however, makes it clear that if a declarant's statement is "testimonial," then the defendant must be afforded the right to confront the declarant if the statement is to be admitted.

In this case, Monnet was "unavailable" to testify. *See Douglas v. Alabama*, 380 US 415, 419-20, 85 S Ct 1074, 13 L Ed 2d 934 (1965) (accomplice's assertion of privilege against self-incrimination made him "unavailable" for Confrontation Clause purposes, and thus his confession should not have been admitted against the defendant); *State v. Ennis*, 212 Or App 240, 254-55, 158 P3d 510 (2007) (nontestifying codefendant was "unavailable" for Confrontation Clause purposes). The conclusion that Monnet was not available is not changed by the fact that the state had subpoenaed her before she invoked the privilege. As the Court noted in *California v. Green*, 399 US 149, 162, 90 S Ct 1930, 26 L Ed 2d 489 (1970), there is no Confrontation Clause problem if the declarant "is present *to testify and to submit to cross-examination*." (Emphasis added.) Mere presence, without testimony and the opportunity for cross-examination, is not enough. Thus, we conclude that the trial court erred in admitting Monnet's plea petition into evidence against defendant at trial.

Finally, given the totality of the evidence, the admission of Monnet's statement in the plea petition, in violation of the Sixth Amendment, was not harmless beyond a reasonable doubt. *Delaware v. Van Arsdall*, 475 US 673, 681, 106 S Ct 1431, 89 L Ed 2d 674 (1986).

Reversed and remanded.